IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

COREY LYNN ROTH,                )
                                )
            Plaintiff,           )
                                )
    v.                           )
                                )   Civil Action No. 13-617
CAROLYN W. COLVIN,              )
ACTING COMMISSIONER             )
OF SOCIAL SECURITY,             )
                                )
            Defendant.           )

OPINION

AND NOW, this 8th day of September, 2014, upon consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Acting Commissioner of Social Security ("Acting Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that plaintiff's motion for summary judgment (Document No. 8) be, and the same hereby is granted, and the Acting Commissioner's motion for summary judgment (Document No. 12) be, and the same hereby is, denied. The case will be remanded to the Acting Commissioner pursuant to sentence 4 of 42 U.S.C. §405(g) for further proceedings consistent with this Memorandum Judgment Order.

When the Acting Commissioner determines that a claimant is not "disabled" within the meaning of the Act, the findings leading to such a conclusion must be based upon substantial evidence.

"Substantial evidence has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (citation omitted).

Despite the deference to administrative decisions required by this standard, reviewing courts "'retain a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not supported by substantial evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000), quoting, Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981). In evaluating whether substantial evidence supports an ALJ's findings, "'leniency [should] be shown in establishing the claimant's disability, and ... the [Commissioner's] responsibility to rebut it [should] be strictly construed. . . .'" Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003), quoting, Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979). These well-established principles dictate that the court remand this case to the Acting Commissioner for further proceedings as explained herein.

Plaintiff filed her DIB and SSI applications on April 20, 2009, alleging disability beginning on January 1, 2001, due to personality disorder, bipolar disorder, stomach problems, migraines, self-injury issues, agoraphobia and irritable bowel syndrome. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on May 23, 2011, at which plaintiff appeared and testified. On September 8, 2011, the ALJ issued a
AO 72
(Rev. 8/82)

decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on March 14, 2013, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has a high school education, was 18 years old on her alleged onset date of disability, which is classified as a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Plaintiff does not have any past relevant work experience, and she has not engaged in substantial gainful activity at any time since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. Although the medical evidence established that plaintiff suffers from the severe impairments of osteoarthritis, fibromyalgia, lumbar strain, thoracic pain, pelvic pain, hypersensitization syndrome, myalgias, fatigue, lower back pain, agoraphobia, bipolar disorder, depression, major depressive disorder, post-traumatic stress disorder, borderline personality disorder, adjustment disorder and panic attacks, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform medium work, but she is unable to use hand levers with either upper extremity. In addition, plaintiff is

limited to unskilled, low stress work and only simple decision making. Finally, plaintiff is restricted to only occasional contact with the public, supervisors and co-workers, meaning that she should work primarily with objects rather than people (collectively, the "RFC Finding").

Based upon the vocational expert's testimony, the ALJ concluded that plaintiff's vocational factors and residual functional capacity enable her to perform work that exists in significant numbers in the national economy, such as a box bender, garment sorter or nut sorter. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

The Social Security Regulations delineate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must assess: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4)

if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of her age, education, work experience and residual functional capacity.[1]  20 C.F.R. §§404.1520(a)(4), 416.920(a)(4).  If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary.  Id.

In this case, plaintiff argues that the ALJ erred at step 5 because he failed to properly consider and evaluate certain medical evidence received from her treating physician, Dr. Kevin Wong, and from a consulting examiner, Dr. Ruthann Valentine.  The court agrees that the ALJ's evaluation of the medical evidence submitted by Dr. Wong was incomplete, thus this case must be remanded to the Acting Commissioner for additional development at step 5 of the sequential evaluation process.

Plaintiff first contends that the ALJ failed to properly consider medical records from Dr. Wong, who was one of her treating physicians.  The record contains numerous treatment records from Dr. Wong for the period of time from 2008 through 2011.  (R. 467-512, 674-687, 743).  The ALJ's decision does not discuss Dr. Wong's records which chronicle plaintiff's sustained

---

[1]Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments.  20 C.F.R. §§404.1545(a)(1), 916.945(a)(1).  In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet the physical, mental, sensory and other requirements of work.  20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

treatment history with him, thus the court is unable to discern whether or not the ALJ considered Dr. Wong's records and what impact, if any, those records have upon his assessment of plaintiff's residual functional capacity.

The ALJ's failure to discuss Dr. Wong's treatment records is contrary to <u>Burnett v. Commissioner of Soc. Sec. Admin.</u>, 220 F.3d 112 (3d Cir. 2000), in which the Third Circuit held:

> In making a residual functional capacity determination, the ALJ must consider all evidence before him. Although the ALJ may weigh the credibility of the evidence, he must give some indication of the evidence which he rejects and his reason(s) for discounting such evidence. In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.

<u>Id.</u> at 121 (citations omitted). In analyzing plaintiff's case, the ALJ did not consider Dr. Wong's treatment records, thus it is unclear to this court whether significant probative evidence from plaintiff's treating physician was not credited by the ALJ or whether he ignored it.

For this reason, the case must be remanded so that the ALJ can consider and evaluate Dr. Wong's treatment records to determine if any information contained therein establishes that plaintiff has additional functional limitations which should be incorporated into the RFC Finding. If the ALJ determines that Dr. Wong's treatment records establish the existence of any additional functional limitations, he shall factor them into the assessment of plaintiff's residual functional capacity. In that event, the ALJ shall obtain additional vocational expert testimony to

AO 72
(Rev. 8/82)

complete his analysis of plaintiff's case.

Plaintiff's next argument, that the ALJ did not properly consider the opinion of Dr. Valentine, who performed a mental consultative examination of plaintiff, is without merit. According to plaintiff, the ALJ incorrectly gave minimal weight to Dr. Valentine's opinion that she has a marked limitation in her ability to carry out detailed instructions, to respond appropriately to work pressures in a usual work setting and to respond appropriately to change in a routine work setting.[2] (R. 18, 414). Although the ALJ gave minimal weight to this aspect of Dr. Valentine's assessment, the ALJ's RFC Finding nonetheless adequately accounted for the marked limitations Dr. Valentine identified by restricting plaintiff to unskilled, low stress work and only simple decision making, as well as only occasional contact with the public, supervisors and co-workers. Accordingly, the court finds no error in the ALJ's consideration of Dr. Valentine's opinion.[3]

---

[2]Although not mentioned by plaintiff, it is worth noting that Dr. Valentine found plaintiff was not limited in remembering short, simple instructions, she had only a slight limitation in her ability to carry out short, simple instructions and she was only slightly limited in her ability to interact with supervisors and co-workers. (R. 414).

[3]The court likewise finds no error in the ALJ's consideration of GAF scores of 40-50 attributed to plaintiff, which the ALJ gave minimal weight. (R. 18). As an initial matter, a claimant's GAF score is not determinative of disability. See Howard v. Commissioner of Soc. Sec., 276 F.3d 235, 241 (6th Cir. 2002) ("[w]hile a GAF score may be of considerable help to the ALJ in formulating the RFC, it is not essential to the RFC's accuracy. Thus, the ALJ's failure to reference the GAF score in the RFC, standing alone, does not make the RFC inaccurate."); Wind v. Barnhart, 2005 WL 1317040, *6 n.5 (11th Cir. 2005) (noting that the Commissioner has declined to endorse the GAF scale for use in the Social Security and SSI disability programs). Despite the fact that

AO 72
(Rev. 8/82)

For the foregoing reasons, plaintiff's motion for summary judgment will be granted, the Acting Commissioner's motion for summary judgment will be denied, and this case will be remanded to the Acting Commissioner for further proceedings consistent with this Opinion.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Jon M. Lewis, Esq.
    230 South Main Street
    205 Coutler Building
    Greensburg, PA 15601

    Paul Kovac
    Assistant U.S. Attorney
    700 Grant Street
    Suite 4000
    Pittsburgh, PA 15219

---

one's GAF score alone is not controlling, the ALJ in this case discussed plaintiff's GAF scores and explained that he gave them minimal weight because they were not consistent with other mental health evidence in the record. (R. 18). There was nothing improper concerning the ALJ's analysis.